James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Matthew C. Fagen (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| THE GYMBOREE CORPORATION, *et al.*,[1] | ) | Case No. 17-32986 (KLP) |
| Debtors. | ) | (Joint Administration Requested) |

# INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"):

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Gymboree Corporation (5258); Giraffe Intermediate B, Inc. (0659); Gym-Card, LLC (5720); Gym-Mark, Inc. (6459); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, Inc. (6461); Gymboree Operations, Inc. (6463); and S.C.C. Wholesale, Inc. (6588). The location of the Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

(i) authorizing the Debtors to (a) pay all prepetition and postpetition obligations on account of the Employee Compensation and Benefits Programs in the ordinary course of business and (b) continue to administer the Employee Compensation and Benefits Programs, including payment of prepetition obligations related thereto, (ii) granting related relief, and (iii) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2. The final hearing (the "Final Hearing") on the Motion shall be held on July 11, 2017, at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time on July 3, 2017, and served on the following parties: (a) the Debtors, The Gymboree Corporation, 71 Stevenson Street, Suite 2200, San Francisco, California 94105, Attn: Kimberly H. MacMillan; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Anup Sathy, P.C. and Steven N. Serajeddini and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Matthew C. Fagen; (c) proposed co-counsel to the Debtors, Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, Virginia 23219, Attn: Michael A. Condyles, Peter J. Barrett and Jeremy S. Williams; (d) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn: Robert B. Van Arsdale, Esq., and 101 West Lombard Street, Suite 2625, Baltimore, Maryland 21201, Attn: Hugh M. Bernstein; (e) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (f) counsel to the DIP Term Loan Agent, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York 10005-1413, Attn: Dennis F. Dunne and Evan R. Fleck, and McGuireWoods LLP, 800 E. Canal Street, Richmond, Virginia 23219, Attn: Dion W. Hayes and Sarah B. Boehm; (g) counsel to the DIP ABL Administrative Agent, Morgan, Lewis & Bockius LLP, One Federal St., Boston, Massachusetts 02110, Attn: Julia Frost-Davies and Amelia C. Joiner and Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, Attn: Tyler P. Brown; (h) counsel to the DIP ABL Term Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Jennifer C. Fenn and Whiteford Taylor Preston, LLP, 3190 Fairview

Park Drive, Suite 800, Falls Church, Virginia 22042-4510, Attn: Christopher A. Jones; (i) the indenture trustee for the Debtors' senior unsecured notes, Deutsche Bank Trust Company Americas, Trust and Securities Services, 100 Plaza One, 6th Floor, MS: JCY03-0699, Jersey City, New Jersey 07311, Attn: Rodney Gaughan; (j) counsel to Bain Capital Private Equity LP, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Matt Barr and Robert Lemons; and (k) counsel to the ad hoc group of senior unsecured noteholders, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036-6745, Attn: Daniel H. Golden and Jason P. Rubin, and Robert S. Strauss Building, 1333 New Hampshire Avenue, N.W., Washington, DC 20036-1564, Attn: James Savin (collectively, the "Notice Parties").

3. Subject to: (x) any order approving the Debtors' use of cash collateral and/or any postpetition financing facilities (the "DIP Order"), the documentation in respect of any such postpetition financing facilities and/or use of cash collateral (the "DIP Documents"), and the budget governing any such postpetition financing and/or use of cash collateral (the "DIP Budget"); and (y) any and all claims, liens, security interests, and priorities granted in connection with such postpetition financing facilities and/or use of cash collateral (the "DIP Claims"), the Debtors are authorized to: (a) continue and discontinue the Employee Compensation and Benefits Programs in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law; and (b) pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business; *provided*, that pending entry of the Final Order, the Debtors are not authorized to honor obligations under the Non-Insider Employee Incentive Programs or pay any Non-Insider Severance Payments; *provided*, *further*, that Employees shall not be entitled to

receive payment of any travel savings incentives; *provided*, *further*, that pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits Programs obligations that exceed the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code.

4. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

5. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of any obligations owed under any Employee Compensation and Benefits Program.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order, without any duty of further inquiry and without liability for following the Debtors' instructions.

7. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other

party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b)

10. The requirement under Local Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: Jun 12 2017
Richmond, Virginia

/s/ Keith L. Phillips
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Jun 12 2017

WE ASK FOR THIS:

/s/ *Michael A. Condyles*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

- and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Matthew C. Fagen (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Michael A. Condyles*